IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA *ex rel.* BILL LOCKYER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-02588 CRB<br><br>**ORDER OF DISMISSAL AS MOOT** |

On July 11, 2005, the Court issued an Order finding that the 2004-2005 Sequoia National Forest Fire Plan ("2004 Fire Plan") was a decisional document subject to the provisions of the National Environmental Policy Act ("NEPA"), and because no NEPA review had been conducted, the Court concluded that the 2004 Fire Plan violated NEPA. The Court remanded the matter to defendants to achieve compliance by April 10, 2006. On that date, defendants submitted to the Court a 2006-2007 Fire Plan that incorporated its efforts to bring the 2004 Fire Plan into compliance with NEPA. Subsequently, defendants decided to withdraw the Fire Plan in its entirety, and they then sought (and received) from the Chief of the Forest Service a waiver of the Forest Service Manual provision requiring a fire management plan for the Sequoia National Forest. On June 6, 2006, defendants notified the Court of that decision and requested that the Court dismiss this action as moot. The Court asked for supplemental briefing from the parties on the issue of mootness. After carefully

considering these memoranda, the Court finds that this matter is now moot and is hereby DISMISSED.

## DISCUSSION

Under Article III of the United States Constitution a foundational predicate to the exercise of judicial power is that a "case or controversy" must exist for the duration of an action. See, e.g., United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980). A case is moot where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Id. at 396 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The Ninth Circuit has stated that the "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Northwest Environmental Defense Center v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). A court sitting in equity deciding a mootness issue must not consider whether the "precise relief sought at the time the application for an injunction was filed is still available" but "whether there can be *any* effective relief." Id. at 1244-45 (emphasis in original). This steadfast requirement is borne out of a court's duty to avoid rendering advisory opinions. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (stating that the judgments of federal courts "must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts") (internal quotations and citations omitted).

Plaintiff objects to defendants request for the Court to dismiss this matter as moot and instead urges the Court to "permanently enjoin the Forest Service from issuing any NEPA-noncompliant fire plan for Sequoia National Forest in the future." Pl.'s Opp. at 2. Plaintiff contends that defendants withdrew the Fire Plan as a direct result of this litigation,[1] and that two exceptions to the mootness doctrine apply here: 1) voluntary cessation and 2) "capable of

---

[1] Plaintiff identifies several reasons in support of its assertion that defendants have withdrawn the Fire Plan in response to litigation. Pl.'s Opp. at 4. Of particular importance, the Court notes that defendants withdrew the plan *before* receiving a waiver of the Forest Service Manual's requirement to issue a fire management plan in the Sequoia National Forest; and defendants have not withdrawn other fire plans that are not subject to adverse rulings from courts.

2

repetition, yet evading review." While the Court does not dispute that defendants' actions resulted purely as a response to this litigation, defendants' decision to withdraw the Fire Plan nevertheless renders the Court incapable of providing "effective relief." Accordingly, the Court need not address whether an exception to the mootness doctrine applies, because even if it did, the Court would only be capable of issuing an impermissible advisory opinion.

Plaintiff's own suggested wording for a proposed permanent injunction highlights the speculative nature of any order the Court might render, which would be based entirely on a hypothetical set of facts.[2] First and foremost, the effective mandate of such an order is essentially to direct the Forest Service to follow the law, which it remains obligated to do regardless of the outcome of this case. Second, plaintiff's claim is no longer ripe for review. The withdrawal of the 2006 Fire Plan removes any semblance of a relevant and applicable factual record that can be analyzed to determine whether and to what extent relief is appropriate. Any injunction at this point would be untethered to an existing controversy or factual record. Finally, such an overbroad injunction would amount to an advisory opinion since there is no current fire plan to evaluate and there is no indication that there will be one in the future that even resembles the one at issue in this case. The hypothetical situation plaintiff anticipates is far too vague and remote to warrant an injunction.

Accordingly, the Court finds that this matter is moot because effective relief is no longer achievable. Thus, the case is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: July 20, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff's proposal is as follows:

> It is ORDERED that defendant United States Forest Service is permanently enjoined from issuing a Fire Management Plan or other decisional document for [the] Sequoia National Forest that encompasses wildland fire management policies unless and until the Forest Service fully complies with NEPA, as set forth in the Court's July 11, 2005 liability order.

Pl.'s Opp. at 8.